**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Pine Island Property Holdings, LLC and Pine Island GC, LLC, | ) | |
| | ) | Civil Action No.: 9:23-cv-03962-RMG |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Beaufort Count, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES**

Plaintiffs Pine Island Property Holdings, LLC and Pine Island GC, LLC (collectively, the "Plaintiffs"), answer Local Civil Rule 26.01, DSC Interrogatories as follows:

**LOCAL CIVIL RULE 26.01 D.S.C. INTERROGATORIES**

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: Plaintiffs are unaware of any person or legal entity who many have a subrogation interest in this matter.**

(B) As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER: All claims should be tried non-jury.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Not applicable.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER: Defendant removed this action from the Beaufort County Court of Common Pleas. Plaintiffs do not challenge the appropriateness of the division to which this action was removed.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER: No.**

(F) [Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Not applicable.**

(G) [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: Not applicable.**

(H) *Parties or Intervenors in a Diversity Case*. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER: Not applicable.**

Respectfully submitted,

By: *s/Ellis R. Lesemann*
Ellis R. Lesemann (Fed. ID No. 7168)
erl@lalawsc.com
LESEMANN & ASSOCIATES LLC
418 King Street, Suite 301
Charleston, SC 29403
(843) 724-5155

***Attorney for Plaintiffs***

August 25, 2023
Charleston, South Carolina