**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Pine Island Property Holdings, LLC and Pine Island GC, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Beaufort County, South Carolina,<br><br>Defendant. | Civil Action No.: 9:23-cv-03962-RMG<br><br>**JOINT ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 26(f), and Local Rule 26.03, the parties participated in a Rule 26(f) conference, by telephone on August 24, 2023. Ellis R. Lesemann of Lesemann & Associates LLC, appeared for the Plaintiff; and Christy L. Scott of the Law Office of Christy L. Scott, LLC appeared for the Defendant Beaufort County, South Carolina. Additionally, the parties met in person on August 29, 2023, to discuss the case and have agreed to participate in a Pre-Discovery Phase I mediation scheduled for October 4, 2023. The parties are submitting a Joint Motion to Stay, a proposed order granting the Joint Motion to Stay, and a proposed Amended Scheduling Order giving the parties time to explore resolution of this matter prior to engaging in discovery. As part of initial meetings, the parties agree to waive Rule 26(a) Initial Disclosures required by Fed. R. Civ. P. 26(a)(1). The parties submit this as their joint filing.

**(1) A short statement of the facts of the case:**

The Plaintiffs filed the present action in the South Carolina Court of Common Pleas, County of Beaufort on July 7, 2023. Plaintiffs asserted the following causes of action: (i) declaratory judgment pursuant to S.C. Code § 15-53-20, *et seq*.; (ii) violation of 42 U.S.C. § 1983 and S.C. Const. art. I, § 3 for denial of due process; (iii) violation of 42 U.S.C. § 1983 and S.C. Const. art. I, § 3 for denial of equal protection; (iv) violation of the commerce clause; (v) a claim for estoppel against the government; and (vii) a claim for regulatory taking pursuant to the Fifth and Fourteenth Amendment of the US Constitution. Defendant

removed the action to the United States District Court of South Carolina, Beaufort Division on the grounds of federal question jurisdiction on August 9, 2023.

**PLAINTIFFS' ANSWER:**

a. Plaintiffs contracted to purchase the subject property ("Property") on St. Helena Island, South Carolina in October 2021 and pursued a plan to construct a golf course, associated lodging, and a limited number of docks.
b. The Property is within the Cultural Protection Overlay ("CPO") District, which has a stated intent of protecting Gullah/Geechee heritage and preventing rural gentrification.
c. Under the "plain wording" of the CPO Ordinance in existence at the time Plaintiffs purchased the Property in February 2023 and at the time Plaintiffs submitted three (3) Conceptual Land Development Applications, the construction of three (3) adjoining six-hole golf courses was permitted.
d. Plaintiffs assert that representatives of the County were supportive of the Plaintiffs' plan to construct three (3) six-hole golf course on the property and sixty (60) units of residential development. The County's support was expressed in Plaintiffs' meetings with the County and in public forums.
e. In addition to the three (3) Conceptual Land Development Applications, Plaintiffs filed a Zoning Map Amendment request to remove the Property from the CPO Ordinance.
f. The County then reversed course and adopted Ordinance 2023/18, which codified certain text amendments to Beaufort County's Development Code that were intended to prohibit any form of golf course anywhere on Saint Helena Island.
g. In addition, the amended and existing prohibitions (i.e., no golf courses, no hotels, no gates, no resorts, no design features limiting access to water, etc.) are invalid under federal and state law, even if they have a noble purpose.
h. As a result of the passage of Ordinance 2023/18 and related actions by Beaufort County, the Plaintiffs have been denied their constitutionally protected property rights and have incurred damages and attorney's fees. Plaintiffs seek equitable, declaratory, and monetary relief.

**DEFENDANT'S ANSWER:**

a. Defendant County asserts that Plaintiffs' purported uses were forbidden when the Plaintiffs purchased the Pine Island tract February 2023, that County Zoning Officials told the Plaintiffs so, that the Plaintiffs purchased the property with that knowledge, and that the amendments to the CPO District definitions were enacted to clarity language the County already thought was quite plain, not to ban a previously allowed use. Defendant's defenses are based upon the events leading up to the Circuit Court Appeal of the Zoning decisions as follows:

b. On May 12, 2023, Pine Island GC, LLC filed three (3) appeals with Beaufort County challenging three identical decisions or interpretations of Director of Beaufort County's Planning Zoning Department Ron Merchant, each dated April

14, 2023.

c. In the Interpretations, Director Merchant determined that the Appellant's three (3) Conceptual Land Development Applications failed to "comply with the applicable standards of the Community Development Code and the amendments given first reading by County Council on April 10, 2023." In particular, the Director found that the Applications sought "to construct a golf course" on the Appellant's properties and that golf courses were a “prohibited use under Subsection 3.4.50.D" of the Beaufort County Community Development Code (the *"CDC').*

d. The Beaufort County Planning Commission published notice of the hearings on the Appeals as required by law. The Appeals were heard by the Planning Commission on June 5, 2023. At the Hearing, all three Appeals were consolidated into a single hearing with the consent of the Appellant and Beaufort County.

e. The Appeals arise from the proposed development of a portion of Pine Island, an approximately 500-acre tract of land located on St. Helena Island in unincorporated Beaufort County, South Carolina. Plaintiffs proposed "six holes of golf' on each of three (3) adjacent parcels located on Pine Island and as more fully identified in the Applications. Pine Island and the Properties at issue have a base zoning under the CDC of T2 Rural ("*T2R").* This T2R base zoning district is a transect zone "intended to preserve the rural character of Beaufort County." *See* CDC§ 3.2.40.

f. The Properties also fall within the Cultural Protection Overlay *("CPO")* zoning district, the purpose of which is "to provide for the long-term protection of the culturally significant resources found on St. Helena Island. The CPO Zone acknowledges St. Helena's historic cultural landscape and its importance as a center of Beaufort County's most notable concentration of Gullah culture." *Sec* CDC§ 3.4.50.A.

g. Beginning in 2021, the Plaintiffs began meeting with County officials and County staff to discuss potential development plans for Pine Island. One of the potential development plans for Pine Island included an 18-hole golf course. On November 16, 2022, County staff held a pre-application conference with the Plaintiffs to discuss the proposed development of Pine Island and permitted uses under the CPO district.

h. At the time of this pre-application conference, CDC§ 3.4.50.D identified the following uses located within the CPO district as incompatible with the CPO's stated purpose and were therefore prohibited:

> Resort. This use includes lodging that serves as a destination point for visitors and designed with some combination of recreation uses or natural areas. Typical types of activities and facilities include marinas, beaches, pools, tennis, golf, equestrian, restaurants, shops, and the like. This restriction does not apply to ecotourism or its associated lodging.

> Golf Course. This use includes regulation and par three golf courses having nine or more holes. (the *"Original CPO Section").*

i. On November 29, 2022, the Plaintiffs applied for a zoning map amendment with Beaufort County to have Pine Island removed from the CPO. Within one day of the submission of the zoning map amendment application, County officials notified the Plaintiffs that County staff was submitting a proposed CDC text amendment designed to "allow greater land use flexibility by (conditionally) permitting previously prohibited uses in the CPO Zone, but only if certain conditions are met which further protect and otherwise enhance the purpose of the CPO Zone." *See* Director Memo (Jan. 5, 2023).

j. The Plaintiffs deferred action on its proposed zoning map amendment until a decision was made on the Staff (former County Administrator's) proposed text amendment. On December 18, 2022, the County advertised a public hearing scheduled for January 5, 2023, before the Planning Commission on the proposed text amendment.

k. At the January 5, 2023, public hearing, the Planning Commission considered County staff's proposed text amendment and recommended that County Council deny the same. On January 9, 2023, the Community Services and Land Use Committee of County Council reviewed County staff's proposed text amendment. At the meeting, the Land Use Committee took the following action:

> "Postpone this matter until [the April 10th County Council meeting] and refer the matter to the Cultural Protection Overlay District Committee to study the existing ordinance with [the County's] legal department and with other outside entities of the Committee's choosing to suggest revisions that can be added to reinforce the [CPO's] purpose and to improve the protection it provides to St. Helena and the surrounding islands."

l. Eight (8) members of County Council attended the Land Use Committee meeting, participated in the same, and voted in favor of the proposed action.

m. On January 17, 2023, the Cultural Protection Overlay District Committee (the *"CPO Committee")* met to discuss the proposed text amendment and other potential amendments to the CDC.

n. The CPO Committee had a second meeting on January 31, 2023, and another on February 21, 2023. On February 28, 2023, the Plaintiffs delivered an exempt plat to County staff that subdivided Pine Island's existing three parcels into five (5) separate parcels, three of which constitute the Properties.

o. On March 7, 2023, the Plaintiffs submitted the Applications for "six holes of golf' on each of the three Properties. On March 8, 2023, the Beaufort County Staff Review Team had a Pre-Application Conference with the Appellant. On March 9, 2023, County staff notified the Plaintiffs that the Applications were incomplete and

additional information was required to process the Applications.

p. On March 21, 2023, the CPO Committee held a meeting at which it finalized a proposed text amendment to the CDC and voted unanimously to forward the proposed text amendment to the Land Use Committee and County Council. The proposed text amendment substantially revised CDC § 3.4.50 and revised the prohibition on golf courses within the CPO district as follows:

> "Golf Course An area of land with improvements to the grounds on which the sport of golf is played. It typically consists of a series of holes, each consisting of a tee box, the fairway, the rough and other hazards, and/or a green with a cylindrical hole in the ground, known as a cup. Golf course accessory uses may include a clubhouse, restrooms, driving range, and shelters." (Collectively, the *"2023 CPO Amendments").*

q. That same day, March 21, 2023, County staff publicly advised that County Council would hold first reading of a proposed ordinance adopting the 2023 CPO Amendments, as recommended by the CPO Committee, on April 10, 2023.

r. On March 24, 2023, the Plaintiffs provided the County with the final item identified as missing from the Applications. Later that same day, the County notified Plaintiffs that the Applications were deemed complete.

s. On April 10, 2023, the Land Use Committee recommended that County Council adopt the 2023 CPO Amendments. Later that day, the County Council voted in favor of the first reading of the 2023 CPO Amendments.

t. On April 14, 2023, the Director issued the Interpretations and delivered the same to Plaintiffs.

u. On April 24, 2023, the County Council voted in favor of a second reading of the 2023 CPO Amendments.

v. Thereafter, on May 8, 2023, County Council voted in favor of third and final reading of the 2023 CPO Amendments.

w. On May 12, 2023, Plaintiffs requested that its original zoning map amendment application be reactivated and filed three subject Appeals.

x. The Zoning Appeal conclusions were:

   (1) The Original CPO Section does not establish a six-hole golf course as a permitted "by right" use for the Properties; rather, the Original CPO Section

prohibited the development of all golf courses on the Properties in a manner consistent with the intent and purpose of the Cultural Protection Overlay District.

(2) The Original CPO Section's inclusion of "[T)his use includes regulation and par three golf courses having nine or more holes" does not nor was it intended to permit golf courses of fewer than nine holes.

(3) The Applications for three six-hole golf courses were an attempt to circumvent the purpose and intent of the CPO district.

(4) At the time the completed Applications were received by County staff, notice to the public of the County's intent to consider revisions to the Original CPO Section and the CDC had already been provided; therefore, the pending ordinance doctrine was appropriately applied by County staff in the Interpretations.

(5) Plaintiff failed to establish that vested rights existed at the time of the Applications' submission as (i) the developments proposed by the Applications were not expressly permitted under the Original CPO Section and the CDC, (ii) there was not good faith reliance by the Appellant, (iii) little to no evidence of substantial expenditures was presented, and (iv) the Applications were for conceptual land development and the approval of the Applications would not have resulted in the issuance of a permit to develop the Properties.

(6) The developments proposed by the Applications are golf courses and golf courses are prohibited within the CPO district under the 2023 CPO Amendments, the Original CPO Section, and all prior iterations of the ordinances regulating the CPO district.

y. Further, where golf courses were allowed within Beaufort County, Section 03.240 Resort provides: "Where a golf course is involved, 250 acres shall be the minimum site size." This provision was clearly not met in the Applications for three six-hole golf courses.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**PLAINTIFFS' ANSWER:**

i. Elvio Tropeano, Plaintiffs' representative;
ii. Lauren Niemiec, Esquire, Attorney for Plaintiffs;
iii. Robert Merchant, Beaufort County Zoning and Planning Director;
iv. Tom Keaveny, Esquire, Beaufort County Attorney;

v. Michael Hughes, P.E., Thomas and Hutton;
vi. Hillary Austin, Beaufort County Zoning and Development Administrator;
vii. Juliana Smith, Beaufort County Community Development Planner;
viii. Brittany Ward, Esquire, Beaufort County Attorney;
ix. Mark Davis, Beaufort County Deputy Director of Planning and Zoning; and
x. Additional witnesses may be listed during the discovery phase.

Plaintiffs' witnesses are expected to testify regarding their non-privileged communications regarding Plaintiffs' plan for the Property, the County's response, and the County's actions concerning Plaintiffs' plans.

**DEFENDANT'S ANSWER:**

i. Rob Merchant, Zoning and Planning Director
ii. Mark Davis, Deputy Director of Planning and Zoning
iii. Hillary Austin, Zoning and Development Administrator and
iv. Additional witnesses may be listed during the discovery phase.

Defendant's witnesses above are expected to testify regarding their non-privileged communications with representatives, employees and officials of the County relating to the zoning applications and property development rights at issue, without waiving and fully preserving attorney client privilege and attorney work product.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given to experts likely to be offered).**

ANSWER: No expert witnesses have been identified to date.

**(4) A summary of claims or defenses with statutory and/or case citations supporting the same.**

**PLAINTIFFS' ANSWER:**

Plaintiffs seek a declaratory judgment that the Cultural Protection Overlay Ordinance, as amended, is invalid as to the Property owned by Plaintiffs and that Plaintiffs' intended development plan is permissible under applicable law. *See* S.C. Code § 15-53-10, *et seq*.; *Henry v. Cottingham*, 253 S.C. 286, 170 S.E.2d 387 (S.C. 1969); *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 567 S.E.2d 881 (S.C. App. 2002); *Graham v. State Farm Mut. Auto. Ins. Co*., 319 S.C. 69, 459 S.E.2d 844 (S.C. 1995); *Power v. McNair*, 255 S.C. 150, 177 S.E.2d 551 (S.C. 1970); *Ott v. Tindal*, 297 S.C. 395, 377 S.E.2d 303 (1989); *Bank of Augusta v. Satcher Motor Co.,* 249 S.C. 53, 152 S.E.2d 676 (1967).

Plaintiffs have asserted a claim for violation of 42 U.S.C. § 1983 for denial of Plaintiffs' due process rights. *See Pure Oil Division v. City of Columbia,* 254 S.C. 28, 173 S.E.2d 140 (1970); *Kerr v. City of Columbia*, 232 S.C. 405, 102 S.E.2d 364 (1958); *James v. City of Greenville*, 227 S.C. 565, 88 S.E.2d 661 (1955); *Sherman v. Reavis*, 273 S.C. 542, 257 S.E.2d 735 (1979); *Scott v. Greenville Cnty*., 716 F.2d 1409, 1419 (4th Cir. 1983); *Byrd v. City of North Augusta*, 261 S.C. 591, 201 S.E.2d 744, 746 (1974*); City Ice Delivery Co. v. Zoning Board of Adjustment for Charleston County*, 262 S.C. 161, 203 S.E.2d 381 (1974), *McCoy v. City of Columbia*, 929 F. Supp. 2d 541 (D.S.C. 2013); *Monell v. Department of Soc. Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986); *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989).

Plaintiffs have asserted a claim for violation of equal protection. *See Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326 (1992); *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017); *Morrison v. Garraghty*, 239 F.3d 648 (4th Cir. 2001); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 105 S.Ct. 3249 (1985); *Front Royal & Warren Cnty. Indus. Park Corp. v. Town of Front Royal, Va*., 135 F.3d 275, 285 (4th Cir. 1998); *Bob Jones Univ. v. City of Greenville*, 243 S.C. 351, 361, 133 S.E.2d 843, 848 (1963); *Talbot v. Myrtle Beach Bd. of Adjustment*, 222 S.C. 165, 175, 72 S.E.2d 66, 71 (1952*); Knowles v. City of Aiken*, 305 S.C. 219, 223, 407 S.E.2d 639, 642 (1991); *Ani Creation, Inc. v. City of Myrtle Beach Bd. of Zoning Appeals*, 440 S.C. 266, 890 S.E.2d 748 (2023).

Plaintiffs allege that Defendant's actions violate the Commerce Clause by prohibiting hotels, resorts, and golf courses within the boundaries of the 64 square mile CPO District. *See Dennis v. Higgins*, 498 U.S. 439,111 S.Ct. 865 (1991); *Healy v. Beer Inst*., 491 U.S. 324,109 S.Ct. 2491 (1989); *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 128 S. Ct. 1801 (2008); *H.P. Hood & Sons, Inc. v. Du Mond*, 336 U.S. 525, 69 S.Ct. 657 (1949); *U.S.A. v. Jim's Motorcycle, Inc.*, 401 F.3d 560, 567 (4th Cir.2005); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of Oregon*, 511 U.S. 93, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 90 S.Ct. 844 (1970); *Brown v. Hovatter*, 561 F.3d 357 (4th Cir. 2009).

Plaintiffs allege a claim for government estoppel. *See Woodale P'ship v. City of Charleston*, No. 2:07-CV-2025-MBS, 2010 WL 11661386 (D.S.C. Sept. 17, 2010); *Town of Sullivans Island v. Byrum*, 306 S.C. 539, 413 S.E.2d 325 (Ct. App. 1992); *Midlands Util., Inc. v. S.C. Dep't of Health & Env't Control*, 298 S.C. 66, 378 S.E.2d 256 (1989).

Plaintiffs assert the CPO Ordinance as initially adopted and as amended constitutes a regulatory taking. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978); *Palazzolo v. Rhode Island*, 533 U.S. 606, 121 S. Ct. 2448 (2001); *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 107 S.Ct. 3141 (1987); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 112 S. Ct. 2886 (1992).

**<u>DEFENDANT'S ANSWER</u>:**

Defendant's defenses raised are as follows:

1. The Plaintiffs have failed to establish a right to Declaratory Judgment.

Essentially, the Plaintiff's cause of action overlaps the other causes of action.

2. The Plaintiffs have failed to state a claim under 42 U.S.C §1983.

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Moore v. City of Columbia*, 284 S.C. 278, 326 S.E.2d 157 (Ct.App.1985); *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 32–33, 131 S. Ct. 447, 450, 178 L. Ed. 2d 460 (2010); *Polk C. v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 454, 70 L.Ed.2d 509 (1981); *Lenard v. Argento*, 699 F.2d 874, 886 (7th Cir.1983), *cert*. denied, 464 U.S. 815, 104 S. Ct. 69, 78 L.Ed.2d 84 (1983). *Avery v. County of Burke*, 660 F.2d 111, 114 (4th Cir.1981); *Herrera v. Valentine*, 653 F.2d 1220 (8th Cir.1981); *Spell v. McDaniel,* 824 F.2d 1380, 1386 (4th Cir. 1987);*Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000).

3. Based on the facts pled, the Plaintiff does not have a claim for violation of substantive or procedural due process.

*Sylvia Dev. Corp. v. Calvert County, Md*., 48 F.3d 810, 827 (4th Cir.1995). (citing *Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir.1995)); *Daniels v. Williams,* 474 U.S. 327, 331, 106 S. Ct. 662, 665 (1986); *Gum Springs, LC v. Loudoun County Supervisors*, 59 Va. Cir. 509 (2001); *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal,* 135 F.3d 275, 287-88 (4th Cir.1998); *Rucker v. Hartford County*, 946 F.2d 278, 281 (4th Cir. 1991); *Tri-County Paving, Inc. v. Ashe County*, 281 F.3d 430, 440 (4th Cir. 2002); *Dunes West Golf Club v. Mount Pleasant,* 401 S.C. 280, 737 S.E.2d 601 (2013); *Harbit v. City of Charleston*, 382 S.C. 383, 394, 675 S.E.2d 776, 782 (Ct. App. 2009); *Knowles v. City of Aiken,* 305 S.C. 219, 222, 407 S.E.2d 639, 642 (1991); *Gardner v. Baltimore Mayor and City Council,* 969 F.2d 63 (4th Cir. 1992); *Quinn v. Bd. of Cty. Comm'rs,* 862 F.3d 433, 443 (4th Cir. 2017); *Rockville Cars, LLC v. City of Rockville, Maryland,* 891 F.3d 141 (4th Cir. 2018), citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972); *Pulte Home Corp. v. Montgomery County,* 909 F.3d 685, 696 (4th Cir. 2018); *Henry v. Jefferson Cty. Comm'n*, 637 F.3d 269, 276 (4th Cir. 2011); *Sunrise Corp., Myrtle Beach v. Myrtle Beach,* 420 F.3d 322 (4th Cir. 2005); *Fields v. Durham*, 909 F.2d 94, 98 (4th Cir.1990).

4. The Plaintiffs cannot establish a regulatory taking under the facts as pled.

*Penn Central Transportation Co. v. New York City,* 438 U.S. 104 (1978); United *States v. Willow River Power Co.,* 324 U.S. 499, 502, 65 S. Ct. 761, 89 L.Ed. 1101 (1945); *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 536, 125 S. Ct. 2074, 161 L.Ed.2d 876 (2005); *Kirby Forest Indust. v. United States,* 467 U.S. 1, 14, 104 S. Ct. 2187, 81 L.Ed.2d 1 (1984);

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 535 U.S. 302, 332-35, 122 S. Ct. 1465, 152 L.Ed.2d 517 (2002); *Main v. Thomason,* 342 S.C. 79, 535 S.E.2d 918 (2000); *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S. Ct. 2886, 120 L.Ed.2d 798 (1992); *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 102 S. Ct. 3164, 73 L.Ed.2d 868 (1982); *Columbia Venture, LLC v. Richland County,* 413 S.C. 423, 776 S.E.2d 900 (2015); *Byrd v. City of Hartsville,* 365 S.C. 650, 658, 620 S.E.2d 76, 80 (2005).

5. The Plaintiffs' claims should be dismissed as they do not give rise to an appropriate claim for a violation of equal protection.

*Alive Church of Nazarene v. Prince William County,* 59 F.4th 92 (4th Cir. 2023); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L.Ed.2d 1 (1992); *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017); Morrison *v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001); *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 440, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985);

6. The Plaintiffs' claims should be dismissed as they do not give rise to an appropriate claim for a violation of the Commerce Clause.

*South Dakota v. Wayfair, Inc 138* S. Ct. 2080, 2093-94, 201 L.Ed.2d 403 (2018); *McBurney v. Young,* 569 U.S. 221, 235, 133 S. Ct. 1709, 185 L.Ed.2d 758 (2013); *Maine v. Taylor,* 477 U.S. 131, 151, 106 S. Ct. 2440, 91 L.Ed.2d 110 (1986); *New Energy Co. of Ind. v. Limbach,* 486 U.S. 269, 273-74, 108 S. Ct. 1803, 100 L.Ed.2d 302 (1988); *Hughes v. Alexandria Scrap Corp.,* 426 U.S. 794, 806, 96 S. Ct. 2488, 49 L.Ed.2d 220 (1976); *Envtl. Tech. Council v. Sierra Club*, 98 F.3d 774, 785 (4th Cir. 1996); *Chem. Waste Mgmt., Inc. v. Hunt*, 504 U.S. 334, 342, 112 S. Ct. 2009, 119 L.Ed.2d 121 (1992); *Pike v. Bruce Church, Inc*., 397 U.S. 137, 142, 90 S. Ct. 844, 25 L.Ed.2d 174 (1970); *Colon Health Ctrs. of Am., LLC v. Hazel* (*Hazel I*), 733 F.3d 535, 543 (4th Cir. 2013); *Hughes v. Oklahoma*, 441 U.S. 322, 336, 99 S. Ct. 1727, 60 L.Ed.2d 250 (1979).

7. The Plaintiff's claims should be dismissed as they do not give rise to a cause of action for a violation of Equitable Estoppel.

*Moates v. Bobb,* 322 S.C. 172, 175, 470 S.E.2d 402, 403 (Ct. App. 1996); *Grant v. City of Folly Beach*, 346 S.C. 74, 80, 551 S.E.2d 229, 232 (2001); *City of Jefferson v. Holder,* 195 Ga. 346, 355 (24 S.E.2d 187) (1943); *Barrett v. Hamby*, 235 Ga. 262, 265 (219 S.E.2d 399) (1975); *Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 236-237, 692 S.E.2d 499, 506 (2010); *Grant v. City of Folly Beach,* 346 S.C. 74, 82, 551 S.E.2d 229, 233 (2001); *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011); *Greenville County v. Kenwood Enters., Inc.*, 353 S.C. 157, 172, 577 S.E.2d 428, 436 (2003); *Berkeley Elec. Coop., Inc. v. Town of Mt. Pleasant,* 308 S.C. 205, 417 S.E.2d 579 (1992); *Cf. Byars v. Cherokee County*, 237 S.C. 548, 118 S.E.2d 324 (1961).

**(5) Absent special instructions from the assigned judge, the parties propose the following dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) completion of discovery.**

Answer: A consent Scheduling Order has been submitted that takes into account the proposed Joint Motion to Stay Proceedings and the upcoming pre-discovery mediation on October 4, 2023. The consent Scheduling Order proposes deadlines for the exchange of expert disclosures and for completion of discovery.

**(6) Any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

Answer: The parties are submitting a Joint Motion to Stay pending settlement attempts. The Joint Motion to stay requests a ninety (90) day stay.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Answer: The parties are filing the requested Mediation Form simultaneously with these answers and the parties Joint Rule 26(f) report.

*[signatures on following page]*

Respectfully submitted,

LAW OFFICE OF CHRISTY L. SCOTT, LLC

By: s/Christy L. Scott
Christy L. Scott, Fed. ID No. 6215
Trevor S. Stephens, Fed. ID No. 13917
108 Carn Street, Post Office Box 1515
Walterboro, South Carolina 29488
(843) 782-4359
Email: cscott@lawofficeofchristyscott.com
Email: tstephens@lawofficeofchristyscott.com

ATTORNEY FOR DEFENDANT
Beaufort County, South Carolina

LESEMANN & ASSOCIATES, LLC

By: *s/ Ellis R. Lesemann*
Ellis R. Lesemann, Fed. ID No. 7168
Michelle A. Stewart, Fed. ID No. 12460
418 King Street, Suite 301
Charleston, SC 29403
Phone: (843) 724-5155
Email: erl@lalawsc.com
Email: mas@lalawsc.com

ATTORNEYS FOR PLAINTIFFS
Plaintiff Pine Island Property Holdings, LLC,
and Pine Island GC, LLC

September 19, 2023