# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Pine Island Property Holdings, LLC and Pine Island GC, LLC, | Case No. 9:23-cv-3962-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Beaufort County, South Carolina, | |
| Defendant. | |

Before the Court are Defendant's motion to dismiss (Dkt. No. 78) and Plaintiffs' partial motion for summary judgment (Dkt. No. 71). For the reasons stated below, the Court dismisses Plaintiffs' amended complaint because this action is moot.

Plaintiffs are real estate development limited liability companies. (Dkt. No. 45 at 1). Plaintiffs purchased the Pine Island Plantation on St. Helena Island knowing that Beaufort County's Cultural Protection Overlay ("CPO") zoning ordinance prohibited golf courses of nine or more holes, resorts, and restricted access gated communities on St. Helena. (*Id.* ¶¶ 12-13, 25); (*Id.* ¶ 15) (CPO had existed since 1999). Despite these restrictions, Plaintiff "diligently pursued a golf course," meeting with local officials to discuss their project. *See, e.g.*, (*id.* ¶ 12, 28, 30-33, 37-38, 47). In November 2022, Plaintiffs submitted a zoning map amendment request to the county to remove the property from the CPO. *See* (*id.* ¶ 39). Plaintiffs closed on the property in February 2023. (*Id.* ¶ 48). Plaintiffs' proposed zoning map amendment was denied. (*Id.* ¶¶ 47, 111).

In March 2023, because the CPO Ordinance already in effect "indicated that golf courses of nine (9) holes or more were prohibited," and because Plaintiff wanted to "construct an 18-hole golf course," Plaintiffs submitted three Conceptual Land Development Plan applications, dividing

1

the property into three tracts, each with an adjoining six-hole golf course. (*Id.* ¶ 50) (the "March 2023 Applications").

On April 10, 2023, the County Council gave a first read and approved text amendments banning golf courses. (*Id.* ¶¶ 74-76). Then, on April 14, 2023, Defendant denied Plaintiffs' March 2023 Applications because they did not "comply with the applicable standards of the [Community Development Code] and amendments given first read by County Council on April 10, 2023, which prohibit the use of golf courses under Section 3.4.50.D." (*Id.* ¶ 91).

On May 8, 2023, the County Council adopted Ordinance 2023/18, which prohibits golf courses anywhere in the CPO District. (*Id.* ¶¶ 84, 97).

Plaintiffs appealed the zoning decision in state court but recently abandoned their appeal. *See Pine Island Property Holdings, LLC, Plaintiff, et al. v. Beaufort County, South Carolina, Defendant, et al.*, S.C. Court of Common Pleas, Beaufort County, 2023-CP-07-01324. In the notice of withdrawal of appeal of their state action, Plaintiffs indicated that the "Conceptual Land Development Applications [the March 2023 Applications] that were denied by the Planning Commission have been superseded through revised land plans." 2023-CP-07-1324, Filed Dec. 12, 2025, 3:25PM.

In the amended complaint filed before this Court, Plaintiffs bring claims for (1) declaratory judgment; (2) violation of due process; (3) violation of equal protection; (4) violation of commerce clause; (5) estoppel; and (6) regulatory taking. Plaintiffs seek to invalidate the CPO and have this Court declare that "the intended development plan is permissible under applicable law." *See, e.g.*, (Dkt. No. 45 at 39) (emphasis added). Said differently, Plaintiffs contend that they "have a vested right to develop the Property as a golf course" and propose various theories for why Defendants' actions illegally infringe on this right. (*Id.* at 36).

Plaintiffs moved for partial summary judgment, and Defendant opposed the motion. (Dkt. Nos. 71, 79 82).  Defendant moved to dismiss the amended complaint, and Plaintiffs opposed. (Dkt. Nos. 78, 80, 83).

On February 4, 2026, pursuant to the Court's inquiry, Plaintiffs confirmed that the development plans at issue in this litigation "have been withdrawn and are not under consideration by" Defendant. (Dkt. No. 85 at 1).  Plaintiffs indicated that subsequent to the events alleged in the amended complaint, Plaintiffs submitted, and the County denied, "a proposed development agreement with a revised land plan." (*Id.* at 2).

"To satisfy the standing requirement of the case-or-controversy limitation on judicial authority found in Article III, Section 2 of the Constitution, the party invoking federal court jurisdiction must show that (1) it has suffered an injury in fact, (2) the injury is fairly traceable to the defendants' actions, and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision." *Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 312 (4th Cir. 2009).

The Court finds that there is no longer a case or controversy before it and that this action must be dismissed.  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008).  Plaintiff's amended complaint does not bring a facial challenge to the CPO.  Instead, it concerns, specifically, obtaining approval of the March 2023 Applications. *See, e.g.*, (Dkt. No. 45 at 33-34) ("Plaintiffs are entitled to a declaration that the CPO Ordinance is invalid <u>as to the Property</u> and that the <u>intended development plan</u> is permissible under applicable law.") (emphasis added).  But Plaintiffs withdrew and are not pursuing the March 2023 Applications, thus there is no longer a live controversy.

The amended complaint also seeks, "[i]n the alternative, . . . approval of [Plaintiffs'] zoning map amendment request." (Dkt. No. 45 at 45). But this request presented a live controversy because it related to Plaintiffs obtaining approval for the March 2023 Applications—plans which Plaintiffs no longer pursue. (*Id.* ¶ 116) (stating declaratory judgment cause of action "addresses County Council's denial of the zoning map amendment <u>as to the Property owned by Plaintiffs only</u>") (emphasis added).

In sum, this case is moot. Accordingly, the Court **DISMISSES** Plaintiffs' amended complaint. All pending motions are denied.

**AND IT IS SO ORDERED.**

                                               _s/ Richard Mark Gergel_
                                               Richard Mark Gergel
                                               United States District Judge

February 20, 2026
Charleston, South Carolina